UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION-INDUSTRY PENSION FUND and its Trustees: ANTHONY M. PERRONE, KEVIN E. WILLIAMSON, KENNETH R. BOYD, CARL IVKA, ROBERT A. BLAIR, TIMOTHY MELIA,WILLIAM M. VAUGHN, III, JOHN A. WAGNER, WALTER B. BLAKE, RICHARD D. COX, M. SCOTT HENDERSON, and JASON PARADIS, <br><br> 18861 90th Avenue, Suite A <br> Mokena, IL 60448 <br><br> Plaintiffs, <br><br> v. <br><br> TRANSPORT PRODUCTION SYSTEM, INC. <br> 100 Jorie Boulevard, #228 <br> Oak Brook, IL 60523 <br><br> Serve: William H. Carpenter <br>      100 Jorie Boulevard, #228 <br>      Oak Brook, IL 60523 <br><br> Defendant | Case No. 17-cv-08172 |

COMPLAINT

Plaintiffs, United Food and Commercial Workers International Union-Industry Pension Fund (the "Fund"), by counsel, hereby complain of Defendant Transport Production System, Inc. ("Transport Production") as follows:

**Introduction**

1.  This action is brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq*., and the Labor Management Relations

Act of 1948 ("LMRA"), 29 U.S.C. § 185.  The Plaintiffs seek a judgment against Defendant Transport Production for withdrawal liability, interest, liquidated damages, and attorneys' fees and costs incurred by the Fund, a multiemployer defined benefit pension plan, in collecting these amounts.

## Jurisdiction and Venue

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 and Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Fund is administered in this District.

## Parties

4.      The Fund is a joint labor-management pension fund established pursuant to Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and a multiemployer employee benefit plan within the meaning of Sections 3(3), 3(37), and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(3), 1002(37), and 1301(a)(3).

5.      Plaintiffs Anthony M. Perrone, Kevin E. Williamson, Kenneth R. Boyd, Robert A. Blair, Carl Ivka, Timothy Melia, John A. Wagner, Walter B. Blake, William M. Vaughn, III, Richard D. Cox, Scott M. Henderson, and Jason Paradis are Trustees of the Fund and "fiduciaries" with respect to the Fund as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are members of the Fund's Board of Trustees, which is the "plan sponsor" within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A). The Fund is administered in Mokena, Illinois.

6.      Defendant Transport Production System, Inc. ("Transport Production") is an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and is engaged in an industry affecting commerce, within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12). Upon information and belief, Transport Production is a corporation organized under the laws of the State of Illinois with its principal place in Oak Brook, Illinois.

## Governing Documents

7.      At all times relevant to this action, Transport Production employed employees represented for the purposes of collective bargaining by the United Food and Commercial Workers Local Union No. 312 ("Local 312"), a labor organization representing employees in an industry affecting interstate commerce.

8.      At all times relevant to this action, Transport Production and Local 312 were parties to and bound by Collective Bargaining Agreements ("CBAs") obligating Transport Production to make monthly contributions to the Fund and submit monthly remittance reports to the Fund detailing those individuals who are covered under the Fund for purposes of accruing pension benefits.

9.      Under the CBAs, Transport Production agreed to be bound by the Agreement and Declaration of Trust ("Trust Agreement") under which the Fund is maintained, and the rules and regulations adopted by the Trustees thereunder.

10.      Transport Production also was a party to the Employer Participation Agreement with Fund ("Participation Agreement") at all times relevant to this action. The terms of the Participation Agreement obligated Transport Production to be bound by the terms and provisions of the Trust Agreement, including all amendments thereto.

3

**Factual Allegations**

11.     The Fund has determined that in the Plan Years ending June 30, 2014 and June 30, 2015, Transport Production experienced a "partial withdrawal" from the Fund, as defined in Section 4203 of ERISA, 29 U.S.C. § 1383.

12.     The Fund determined that as a result of these partial withdrawals, Transport Production incurred withdrawal liability to the Fund in the amount of $432,986.00 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

13.     On or about January 15, 2016, the Fund issued its first Notice and Demand for payment of withdrawal liability in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2), 1399(b)(1).

14.     This Notice and Demand for payment informed Transport Production that its withdrawal liability was $427,173, payable in 66 quarterly payments.

15.     Transport Production made its quarterly payments due between February 2016 through August 2016 in accordance with the Notice and Demand.

16.     On or about October 11, 2016, the Fund issued a revised Notice and Demand for payment of withdrawal liability in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2), 1399(b)(1).

17.     This Notice and Demand for payment informed Transport Production that its withdrawal liability was $432,986.00, payable in 64 quarterly payments.

18.     Transport Production made its quarterly payment due in November 2016 but failed to make any subsequent quarterly withdrawal liability payments.

19.     By letter dated May 17, 2017, the Fund notified Transport Production that the Fund had determined Transport Production to be in immediate default because there was a

4

substantial likelihood it would be unable to satisfy its withdrawal liability obligations, given that the employer failed to pay the February 1, 2017 and May 1, 2017 quarterly payments and did not appear to be operating.

20.     Under the Fund's Withdrawal Liability Rules, the Fund may accelerate the occurrence of a default if there is a substantial likelihood that the Employer will be unable to satisfy its withdrawal liability obligations.   Therefore, because Transport Production was in default, the entire amount of the withdrawal liability for the withdrawals in the Plan Years ending June 30, 2014 and June 30, 2015 in the amount of $403,633, plus accrued interest, became due and owing under ERISA Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A).

21.     The Fund further determined that in the Plan Year ending June 30, 2017, Transport Production experienced a "complete withdrawal" from the Fund, as defined in Section 4203 of ERISA, 29 U.S.C. § 1383.

22.     The Fund determined that as a result of this complete withdrawal, Transport Production incurred withdrawal liability to the Fund in the amount of $194,212 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).   This amount is in addition to the $403,633 in withdrawal liability owed by Transport Production for its partial withdrawals in the Plan Years ending June 30, 2014 and June 30, 2015.

23.     On or about June 14, 2017, the Fund issued a Notice and Demand for payment of withdrawal liability for Transport Production's complete withdrawal in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2), 1399(b)(1).   Given the Fund's prior determination that Transport Production was in immediate default because there was a substantial likelihood it would be unable to satisfy its withdrawal liability obligations, the entire

amount of the withdrawal liability for Transport Production's complete withdrawal in the amount of $194,212 became immediately due and owing.

24.     In total, Transport Production owes the Fund $597,845 in withdrawal liability.

25.     Neither Transport Production nor any other trade or business under common control requested arbitration of the withdrawal liability assessments within the time periods specified in Sections 4219(b)(2)(A) and 4221(a)(1) of ERISA, 29 U.S.C. §§ 1399(b)(2)(A) and 1401(a)(1), foreclosing any challenge to the Fund's assessments and fixing the amounts due.

## COUNT I:

## WITHDRAWAL LIABILITY

26.     Plaintiffs incorporate each of the foregoing paragraphs as if set forth herein.

27.     ERISA Section 4301(b), 29 U.S.C. § 1451(b), provides that the failure to make withdrawal liability payments when due shall be treated as a contribution delinquency under Section 515 of ERISA, 29 U.S.C. § 1145.

28.     Transport Production is in default within the meaning of Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), and 29 C.F.R. § 4219.33, and the entire unpaid balance of the withdrawal liability, plus interest, is now due and owing.

29.     Accordingly, pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132, 1145, and Section 301 of the LMRA, 29 U.S.C. § 185, Defendant is liable for withdrawal liability in the total amount of $597,845, interest on the withdrawal liability at the Fund's interest rate as prescribed in Section 6621 of the Internal Revenue Code from the date of default through the date paid; an amount equal to the greater of the interest on the withdrawal liability or 20 percent of the withdrawal liability, in an amount of at least $119,569 in liquidated damages; and attorneys' fees and costs incurred by the Fund in pursuing this action.

**Prayer for Relief**

**WHEREFORE**, Plaintiffs pray that the Court:

(a)      Enter judgment against Defendant and in favor of Plaintiff; pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for the following amounts:

(1) $597,845 in withdrawal liability;

(2) Additional interest on the withdrawal liability at the Fund's interest rate as prescribed in Section 6621 of the Code, accruing from the date of default until the date paid;

(3) An amount equal to the greater of the interest on the withdrawal liability or 20 percent of the withdrawal liability, in an amount of at least $119,569 in liquidated damages, as required by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

(4) Attorneys' fees and other costs incurred by the Fund in the collection of withdrawal liability, including the attorneys' fees and costs in this action, as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2); and

(b)      Retain jurisdiction of this case pending compliance with its Orders; and

(c)      Grant Plaintiffs such other and further relief as may be just and proper.

Dated:  November 10, 2017                    Respectfully submitted,

  s/ *Jeffrey S. Endick, with consent*
Jeffrey S. Endick, Esq. (Bar No. 4133661)
Christopher M. Leins, Esq. (Bar No. 997257)
SLEVIN & HART, P.C.
1625 Massachusetts Avenue, NW, Suite 450
Washington, D.C.  20036
(202) 797-8700
(202) 234-8231 (facsimile)

s/ *David Huffman-Gottschling*
Sherrie E. Voyles, Esq. (Bar No. 06242386)
David Huffman-Gottschling, Esq. (Bar No. 06269976)
JACOBS, BURNS, ORLOVE & HERNANDEZ
150 North Michigan Avenue, Suite 1000
Chicago, IL 60601
(312) 327-3443

*Counsel for Plaintiffs*

A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h).

20554871v1